```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
```
ATOO HEERA SAKHRANI,

                        Plaintiff,                         06 Civ. 0399 (RPP)

          - against -                              **OPINION & ORDER**

DEUTSCHE BANK TRUST COMPANY
AMERICAS f/k/a BANKERS TRUST
COMPANY, AS TRUSTEE, ITS OFFICERS,
AGENTS, AND THEIR INSURORS, AND
JOHN DOES 1-10 AND JANE DOES 1-10,

                        Defendants.
```
-------------------------------------------------------------X
```

**ROBERT P. PATTERSON, JR., U.S.D.J.**

      On January 19, 2006, Plaintiff Atoo Heera Sakhrani ("Sakhrani") filed a pro se Complaint against Defendant Deutsche Bank Trust Company ("Deutsche") and John Does 1-10. The Complaint seeks damages for $100,000,000 on the grounds that in 2003, Deutsche prevailed in New Jersey Superior Court, Bergen County, in a fraudulent action for foreclosure on Sakhrani's residential property, located at 53 Engle Street, Cresshill, Bergen County, New Jersey, which caused his international internet business to suffer financially to the point of becoming defunct. Compl. ¶ 4. Defendant Deutsche Bank did not respond to the Complaint, and on March 16, 2006, the Court entered a default judgment against it and ordered an inquest on damages.

      On April 17, 2006, Deutsche Bank moved (i) to set aside the default and vacate the final judgment; (ii) to dismiss the Complaint with prejudice; (iii) for sanctions; and (iv) for injunctive relief against Plaintiff. Deutsche Bank's motion was supported by (i) a declaration by Suzanne Patten, sworn to on April 11, 2006 ("Patten Decl."), stating that,

by mistake, the Complaint had been sent to Ameriquest Mortgage Corporation ("Ameriquest"), originator of the mortgage, for reply, and (ii) a Declaration by Donald H. Chase, Esq., sworn to on April 12, 2006 ("Chase Decl."), setting forth numerous facts and circumstances pertaining to its prior litigation with Plaintiff. Patten Decl. at 1-2; Chase Decl. at 2.

After Plaintiff failed to file opposition papers by April 28, 2006, the Court granted Defendant's motion on May 1, 2006 to set aside default, vacate default judgment, and dismiss the Complaint.

On May 5, 2006, Plaintiff filed a motion to set aside, reconsider, or vacate any decision/order granting Defendant's motion and requesting reinstatement of Plaintiff's Complaint, claiming, inter alia, that he was not served with Defendant's motion. On May 18, 2006, Defendant filed an answering declaration by Donald H. Chase, Esq., dated May 15, 2006, attaching a copy of the affidavit of service [of its May 5, 2006 motion] by Federal Express dated April 13, 2006, and a memorandum of law. On May 26, 2006, Plaintiff filed a counter-memorandum of law.

**BACKGROUND**

From the motion papers, it is evident that this dispute arises out of a mortgage foreclosure action, which gave rise to other litigation in state and federal courts located in New Jersey.

In May 2001, Plaintiff signed an adjustable rate note for $274,900 and a mortgage payable to Ameriquest Mortgage Company, secured by property at 53 Engle Street, Cresskill, New Jersey 07626. Chase Decl., Exhibit ("Ex.") 3 (Certification in Opposition to Debtor's Cross Motion to Remove Deutsche Bank as a Creditor and for Other Relief,

sworn to by Joel Ackerman,[1] dated November 3, 2005 ("Ackerman Cert.")) ¶ 4. Plaintiff defaulted on the note on or about July 1, 2003, and a foreclosure complaint, Docket No. F18721-03, was filed in Superior Court, Bergen County, on behalf of Deutsche Bank, as holder of the mortgage. Id. ¶ 5. Plaintiff removed the foreclosure action to Federal Court, and on March 22, 2004, the case was remanded to the Superior Court, Bergen County. Id. ¶ 7. Plaintiff filed an Answer, Counterclaim, and Third-Party Complaint in Superior Court, Bergen County, charging Ameriquest with Truth in Lending Act ("TILA") violations in connection with the mortgage loan.[2] Chase Decl., Ex. 3 ¶ 8; see also Ex. 3B[3] (Sakhrani's First Amended Answer, Affirmative Defenses, Counterclaims, and Third-Party Complaint).

Plaintiffs and Counterclaim Defendant Deutsche Bank filed for summary judgment on April 30, 2004. Chase Decl., Ex. 3 ¶ 9. On May 28, 2004, the motion was granted, and an order striking Sakhrani's answers and defenses and dismissing the affirmative defenses and counterclaims of the Sakhranis was entered. Id., ¶¶ 11-13; Ex. 3C. The matter was transferred to the Foreclosure Unit of Superior Court in Trenton to proceed as an uncontested matter. Chase Decl., Ex. 3C ¶ 2. Thereafter, a motion for reconsideration was made by the Sakhranis and denied by Judge Gerald C. Escala of the Superior Court of New Jersey on November 10, 2004. Chase Decl., Ex. 3E.

On April 6, 2005, a final judgment was entered for $309,229.75, together with interest, in favor of Deutsche Bank. Chase Decl., Ex. 3 ¶ 15; Ex. 3D. The judgment stated that the defendants did "not dispute the priority or validity of Plaintiff's mortgage"

---

[1] Mr. Ackerman appeared as attorney for Deutsche Bank and the mortgage loan servicer, AMC Mortgage Services, Inc.
[2] Plaintiff also joined officers and attorneys for Ameriquest as Counterclaim Defendants.
[3] Internal citations to exhibits attached to the declaration of Donald H. Chase, sworn to on April 12, 2006, will be designated as "Chase Decl." with exhibit number and corresponding letter exhibit.

and directed the Sheriff of Bergen County to execute the sale of the mortgaged premises. Id.[4]

On July 22, 2005, Judge Escala of the Superior Court in Bergen County entered an order denying a motion brought by the Sakhranis to alter, amend, and/or vacate the final judgment of April 6, 2005. The Order determined, inter alia, that the Sakhranis' claims against Deutsche Bank were barred as res judicata. Chase Decl., Ex. 3 ¶ 18; Ex. 3E; see also Ex. 3F, 42-43; Ex. 6 (Order on Defendants' Notice Motion to Dismiss Complaint with Prejudice) (Order dismissing Plaintiff's claims against Ameriquest, Deutsche Bank, and others).

On July 28, 2005, Plaintiff in this action filed a Chapter 13 proceeding and an adversary complaint against Ameriquest and Deutsche Bank. Chase Decl., Ex. 1 ¶ 63. On December 6, 2005, a hearing was held in Bankruptcy Court in New Jersey at which Deutsche Bank's motion to vacate the automatic stay was granted because the action was named it as an incorrect party. Id. ¶ 67. In addition, Sakhrani's application to strike Deutsche Bank as a creditor was granted because the servicer of the mortgage, Ameriquest, had determined Deutsche Bank was not the holder of the mortgage.[5] Declaration of Atoo Heera Sakhrani dated May 5, 2006 ("Sakhrani Decl."), Ex. 4 at 10, 15; see also Chase Decl., Ex. 9 at 2, 10, 15.

**DISCUSSION**

Plaintiff's claims are based on the statements of Bankruptcy Judge Donald H. Steckroth in December 2005 as to the validity of the final judgment in New Jersey

---

[4] The judgment reflected that Plaintiff had presented a certification of a lost note, mortgage, and lost assignment of mortgage.
[5] The owner of the mortgage had been Ameriquest Mortgage Company; the mortgage then apparently had been sold to Washington Mutual Bank.

4

obtained by Deutsche Bank. The Judge stated that since Deutsche Bank was not the holder of the mortgage, the judgment in the name of Deutsche Bank is of "no force and effect. The judgment is useless." Sakhrani Decl., Ex. 4 at 7:17-19. Consequently, counsel for Deutsche Bank would have to go back to the Superior Court and correct the judgment and would need relief from the stay to do that. Id. at 7, 11.

Nevertheless, Plaintiff presents no evidence to this Court that the New Jersey Superior Court has vacated that judgment. Although Plaintiff states in his Counter-Memorandum that the foreclosure of his property is under appeal in the New Jersey courts, he attaches no documentation to show that an appeal of the judgment is actually pending. Accordingly, Plaintiff may have acted prematurely.

The Rooker-Feldman doctrine applies here. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The Second Circuit has recently stated the elements of Rooker-Feldman as:

1. Plaintiff is claiming injuries caused by the State Court judgment against Plaintiffs;
2. Plaintiff's Complaint seeks district court review and rejection of the State Court judgment;
3. The State Court judgment was rendered before the federal action was commenced; and
4. The parties to the state and federal suits must be the same.

Hoblock v. Albany County Board of Elections, 422 F.3d 77 at 85, 89 (2d Cir. 2005).

Since Deutsche Bank's papers demonstrate that all four of these elements are present, the Court is required to invoke the Rooker-Feldman doctrine and dismiss this case for lack of jurisdiction. See Bueno v. Hurd, 2006 WL 959853 (2d Cir. April 11, 2006); Swiatkowski v. New York, 160 F. App'x 30 (2d Cir. 2005); Maren v. Dime Savings Bank of New York, 421 F. Supp. 2d 722 (S.D.N.Y. 2006); Exxon Mobile Corp.

5

v. Saudi Basic Industries, 544 U.S. 280 (2005). Since the only evidence before this Court is that the final judgment attached to Mr. Ackerman's Declaration, Chase Decl., Ex. 3D, is still valid, and since Plaintiff's claims against Deutsche Bank are based on Deutsche Bank having caused him injury by improperly obtaining said judgment, Plaintiff's action is barred at this time under the Rooker-Feldman doctrine.

Accordingly, the Complaint is dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated: New York, New York
June 30, 2006

Robert P. Patterson, Jr.
U.S.D.J.

Copies of this Opinion sent to:

Plaintiff Pro Se:

Atoo Heera Sakhrani
300 Gorge Road, Apt. #59
Cliffside Park, NJ 07010

Counsel for Defendant:

Morrison Cohen LLP
909 Third Avenue
New York, NY 10022
By: Donald H. Chase, Esq.
    Ethan R. Holtz, Esq.
Tel: 212-735-8600
Fax: 212-735-8708